UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:  CASE NO.: 03-09-bk-1844

ROBIN L. WILSON,

    Debtor,

_____/

ROBIN L. WILSON,  ADV. NO. 3:09-ap-00545-PMG

    Plaintiff,

Vs.

FIRST FLORIDA CREDIT UNION
f/k/a Seaboard Credit Union and
WILLIAMS, GAUTIER, GWYNN,
DELOACH & SORENSON, P.A.,

    Defendants.

_____/

**ANSWER AND AFFIRMATIVE DEFENSES OF WILLIAMS,
GAUTIER, GWYNN, DELOACH & SORENSON, P.A.**

COMES NOW the Defendant, WILLIAMS, GAUTIER, GWYNN, DELOACH & SORENSON, P.A., by and through its undersigned attorneys and files this its Answer to the Complaint filed in the above-captioned adversary proceeding and would respond as follows:

1.    Paragraph 1 is admitted for jurisdictional purposes only.

2.    Paragraph 2 is admitted for jurisdictional purposes only.

3. Paragraph 3 is admitted for jurisdictional purposes only.

4. Paragraph 4 is admitted for jurisdictional purposes only.

5. Defendant admits that the Debtor/Plaintiff filed Chapter 7 bankruptcy under Case number 3:09-bk-01844, but is without knowledge as to the residence of the Debtor/Plaintiff during the proceedings of this case.

6. Defendant is without knowledge as to the allegations contained in paragraph 6.

7. The allegations in paragraph 7 are admitted.

8. Defendant admits that Debtor/Plaintiff is indebted to Defendant, First Florida Credit Union, but is without knowledge as to whether or not the Debtor/Plaintiff was unable to make payments on her account at the time the loan went into default.

9. The allegations in paragraph 9 are admitted.

10. The allegations in paragraph 10 are admitted.

11. The allegations in paragraph 11 are admitted.

12. The allegations in paragraph 12 are admitted.

13. The allegations in paragraph 13 are admitted.

14. Defendant is without knowledge as to the allegations contained in paragraph 14.

15. Defendant is without knowledge as to the allegations contained in paragraph 15.

16. Defendant is without knowledge as to the allegations contained in paragraph 16.

17. The allegations in paragraph 17 are denied.

18. The allegations in paragraph 18 are denied.

19. The Defendant admits that it did not appear at the meeting of creditors in the Debtor's/Plaintiff's bankruptcy case but is without knowledge as to the balance of the allegations in paragraph 19.

20. The allegations in paragraph 20 are admitted.

21. The allegations in paragraph 21 are admitted.

22. The allegations in paragraph 22 are admitted.

23. The allegations in paragraph 23 are admitted.

24. Defendant is without knowledge as to the allegations contained in paragraph 24.

25. Defendant is without knowledge as to the allegations contained in paragraph 25.

26. The allegations in paragraph 26 are denied.

27. The allegations in paragraph 27 are denied.

28. The allegations in paragraph 28 are denied.

29. The allegations in paragraph 29 are denied.

30. The allegations in paragraph 30 are denied.

31. Defendant admits that on October 15, 2009, the Debtor/Plaintiff was taken into custody under the Second Amended Writ of Bodily Attachment for contempt of court but denies the balance of the allegations.

32. Defendant is without knowledge as to the allegations contained in paragraph 32.

33. Defendant is without knowledge as to the allegations contained in paragraph 33.

34. Defendant is without knowledge as to the allegations contained in paragraph 34.

35. The allegations in paragraph 35 are admitted.

36. Defendant is without knowledge as to the allegations contained in paragraph 36.

37. Defendant is without knowledge as to the allegations contained in paragraph 37.

38. Defendant is without knowledge as to the allegations contained in paragraph 38.

39. The allegations in paragraph 39 are denied.

40. The allegations in paragraph 40 are denied.

41. The allegations in paragraph 41 are denied.

42. The Defendant re-alleges its responses to the factual allegations above.

43. The allegations in paragraph 43 are denied.

44. The allegations in paragraph 44 are denied.

45. The allegations in paragraph 45 are denied.

46. The allegations in paragraph 46 are denied.

## AFFIRMATIVE DEFENSES

1. Defendant never received notice of the pending bankruptcy case or the discharge of Ms. Wilson. In addition, Debtor/Plaintiff never filed a Suggestion of Bankruptcy in the state court action.

2. The Second Amended Writ of Bodily Attachment was issued by the State Court Judge for the Debtor's/Plaintiff's contempt of prior court orders and as such the Second Amended Writ of Bodily Attachment was not in violation of the automatic stay. See In re Maloney 204 B.R. 671 (Bankr. E.D. N.Y. 1996); In re Kearns, 168 B.R. 423 (Bankr. D. Kan. 1994).

Dated this 30th day of November, 2009.

       /s/ James E. Sorenson
JAMES E. SORENSON (FL Bar #0086525),
D. TYLER VAN LEUVEN (FL Bar #0178705),
JARED S. GARDNER (FL Bar #0041042),
MARY LINZEE VAN LEUVEN (FL Bar #0029766),
ELBA N. SERRANO-TORRES (FL Bar #42228), of
Williams, Gautier, Gwynn, DeLoach & Sorenson, P.A.
Post Office Box 4128
Tallahassee, Florida 32315-4128
Telephone (850) 386-3300
Facsimile (850) 205-4755
*Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to JASON A. BURGESS, 1176 Edgewood Avenue S., Ste. 7, Jacksonville, FL 32205, Attorney for Debtor/Plaintiff, (usual place of business), KEITH D. COLLIER, 2350 Park Street, Jacksonville, FL 32204, Attorney for Debtor/Plaintiff, (usual place of business), ROBIN L. WILSON, 2978 Captiva Bluff Road North, Jacksonville, FL 32226, Debtor/Plaintiff, (usual place of abode), and DOREEN ABBOTT, Post Office Box 56257, Jacksonville, FL 32241-6257, Trustee, (usual place of business), by electronic means or U.S. Mail on this 30th day of November, 2009.

       /s/ James E. Sorenson
Attorney